## Commonwealth v. Sliker

*Charles F. Lieberman,* assistant district attorney, for the Commonwealth.

*Robert A. Cecchini,* and *Frank J. Bolock,* for respondents.

THOMSON, *P.J.,* January 24, 1985—Defendant was arrested on December 13, 1982, and his bail was set at $500,000. Bail was then reduced to $75,000 upon request of defendant's counsel. Respondents each posted bail in the amount of $37,500, totaling $75,000 upon alleged representations of the Pennsylvania State Police and the Federal Authorities that defendant was in the Federal Witness Protection Program and would appear for all scheduled court dates.

On September 1, 1983, defendant, John W. Sliker, was scheduled to appear in the Court of Common Pleas of Pike County for a hearing on his

omnibus pre-trial motions. Defendant did not appear and a bench warrant was issued for his arrest.

A rule to show cause was then entered and returnable on September 19, 1983. The rule would allow the defendant's indemnifier to show cause why the bail should not be forfeited; because, defendant failed to appear for his argument on pre-trial motions. Defendant also did not appear on September 19, 1983. However, respondent's did appear on September 19, 1983, and contended that the service of the aforesaid rule was respondent's first notice that defendant had failed to appear in court on September 1, 1983. On September 19, 1983, respondents presented a petition and order requesting a stay of forfeiture of bail to allow respondents more time to locate defendant. The court ordered a stay of action on forfeiture; but, did grant the forfeiture.

Respondents allege that they took every available action to contact the various state and federal authorities in an attempt to locate defendant. However, defendant had absconded the Witness Protection Program. On November 7, 1983, respondents requested an extension of time for execution on the bond. Respondents represented to the court that they had acquired information that defendant was in Canada and that the Federal Authorities were taking custody of defendant, John W. Sliker. Respondents allege that the authorities refused to release defendant to respondents.

Defendant was then convicted of illegal possession of firearms and embezzlement in New York. Thereafter, in October and November of 1984, John W. Sliker was returned to the Pike County Court of Common Pleas where he pleaded guilty to certain of the charges against him.

Based on these facts, the court must determine whether or not the bail should be forfeited by re-

spondents, Indemnity Insurance Company of North America and International Fidelity Insurance Company. Argument was held on November 29, 1984, at 1:30 p.m. Briefs were submitted by both the Commonwealth and respondents and this matter was taken under advisement.

## OPINION

The Commonwealth contends that the duties and powers of a bail agency under Rule 4008 were not met by respondents; therefore, the bail should be forfeited. The Commonwealth believes that the Respondents did not keep account of the whereabouts of John W. Sliker or inform the court or issuing authority of any violations by defendant of the terms or conditions of his release from the Pike County authorities.

Essentially, respondents posted bail under the representation that defendant would be made available by the Federal Authorities for all court appearances as defendant was under Federal custody. Respondents were allegedly given such assurances by the Pennsylvania State Police and the Federal Authorities. It is apparent that each of respondents took the risk of posting this large sum of bail solely because defendant was under the Federal Witness Protection Program. Defendant then absconded from this program without notifying any authorities, including respondents.

Salvatore Cali testified that he first realized that defendant failed to appear for his omnibus pre-trial hearing scheduled on September 1, 1983, when a rule to show cause was issued to respondents on or about September 1, or 2, 1983. Respondents allege that upon notice of defendant's non-appearance, they took every available action within their power

to contact the various state and federal authorities in an attempt to locate defendant. Up to this point in time, respondents allege that they believed the Federal Authorities would make defendant available to the Pike County Court of Common Pleas for all scheduled appearances. Respondents allege that they were unaware of defendant absconding from the Federal Witness Protection Program. In addition, respondents were unaware that defendant did not appear for his hearing on the pre-trial motions. Generally, Under Rule 4016 (1)(a), "When a breach of a condition of bail occurs, the issuing authority or court *may* declare the bond forfeited." (Emphasis added) The court did declare the forfeiture on September 19, 1983, because, defendant did not appear on September 1, 1983, which was a breach of bail conditions. However, action on the forfeiture was stayed by the court.

While bail may be declared forfeited in some instances, the court may direct that forfeiture be set aside when circumstances warrant. Rule 4016 (1)(c) states: "The issuing authority or the court *may direct that a forfeiture be set aside* upon such conditions as may be imposed if it appears that justice does not require enforcement of the forfeiture." (Emphasis added.)

In the instant case, defendant was in the Federal Witness Protection Program. This circumstance created a hardship on the bondsmen, in that the Federal Authorities were not always cooperative with respondents because, they had a duty to protect and conceal the whereabouts of defendant, John W. Sliker. After reviewing the circumstances that respondents faced, the court feels that justice would not be served by enforcing this forfeiture. Respondents would collectively loose $75,000 for the failure of defendant to appear before this court on

September 1, 1983. This is a large price to pay for a circumstance which was not totally in respondents control. Both respondents could have been more diligent in their attempt to locate defendant; however, the Federal Authorities created a significant obstacle. This obstacle was due to defendant being in the Federal Witness Protection Program. Therefore, the forfeiture must be set aside.

## ORDER

And now, this January 24, 1985, the forfeiture of respondent's collective $75,000 bond is hereby set aside.